IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIANNA KILLAM,

Plaintiff,

vs.

S. WESCOTT, INC.,

Defendant.

**NO. 2:20-cv-516**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURY DEMAND**

COMES NOW, Plaintiff, Adrianna Killam, by and through her attorneys at Washington Civil & Disability Advocate for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I. INTRODUCTION

1. The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination ("WLAD") require places of public accommodation to be accessible to people with disabilities.

2. Restaurants and service businesses like a restaurant, bar, or other establishment serving food or drink are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3. ADA accessibility laws and regulations were enacted into law in 1990, nearly 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4. Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II. PARTIES

5. Plaintiff Adrianna Killam is a Washington resident and resides in this district.

6. Ms. Killam is limited in the major life activity of walking and uses a wheelchair for transportation. Ms. Killam requires ADA compliant accessible parking in order to patronize the restaurant at Defendant's Seattle location at or around 2320 N 45th St Ste B in Seattle, WA (the "Property").

7. Defendant S. WESCOTT, INC., is a Washington Corporation owning and operating the Property.

## III. JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

10. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV. FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

13. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

14. The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

15. Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

<u>Plaintiff</u>

16. Plaintiff Killam resides in Burien, Washington, and travels to Seattle multiple times a week for shopping, dining, entertainment, and social engagements as well as throughout



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

the year for medical visits.

17. Ms. Killam is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the WLAD.

18. Ms. Killam will visit the Property once accessibility barriers are addressed, and may be forced to return before then due to necessity.

Defendant's Property

19. Ms. Killam does not feel safe accessing the property as-is due to the current accessibility barriers.

20. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

21. At Defendant's parking lot at the Property, there are at least 8 parking spaces in the parking lot in front of the Domino's pizza restaurant.

22. The Property must have accessible parking spaces in a quantity defined by § 208.2 of the 2010 Standards, and a certain number of those accessible parking spaces must be "van accessible". § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

23. Accessible parking spaces must be identified with signage at least 60 inches above the ground. Signs identifying van parking spaces shall contain the designation "van accessible." § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards.

24. Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

25. Regular accessible spaces shall be at least 96 inches wide and served by an access aisle at least 60 inches wide. § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the 1991 Standards.

26. Additionally, Slope of accessible parking spaces must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route. §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

27. Curb ramp flares must have a slope no steeper than 1:10, i.e. for every inch of height change there are at least 10 inches of flare run. § 406.3 of the 2010 Standards and § 4.7.5 of the 1991 Standards.

28. On or about March 20, 2020, Plaintiff contacted Defendant to request Defendant in order to come to an agreement to fix the ADA Violations in the parking lot however that effort was unsuccessful. At the time of the request, there were zero accessible parking spots on the property.

29. As of the date of this filing, Defendant installed one accessible parking spot in one of its existing spots. The slope of the new spot exceeds the requirements of the ADA. There is no accessible parking sign.

30. Defendant has one curb ramp on the property. The curb flares exceed the requirements of the ADA.

31. Ms. Killam requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using her wheelchair.

32. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

33. The failure of S. WESCOTT, INC., to make the property comply with the ADA's



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

**V. FIRST CAUSE OF ACTION**
**Title III of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

34. Ms. Killam incorporates by reference the allegations in the paragraphs above.

35. Ms. Killam is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

36. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Defendant S. WESCOTT, INC., owns the property where the Domino's pizza restaurant parking lot is located.

38. Domino's pizza restaurant is a place of public accommodation under 42 U.S.C. § 12181(7).

39. Defendant has discriminated against Plaintiff on the basis of her disability.

40. Defendant's discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

41. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

42. Defendant's discriminatory conduct as has harmed Ms. Killam, and the harm continues.

43. Defendant's discriminatory conduct entitles Ms. Killam to declaratory and injunctive relief. 42 U.S.C. § 12188.

44. Defendant's discriminatory conduct entitles Ms. Killam to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI. SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

45. Ms. Killam incorporates by reference the allegations in the paragraphs above.

46. Ms. Killam is an individual with a disability within the meaning of the



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Washington Law Against Discrimination.

47. Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

48. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

49. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

50. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint, Ms. Killam has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

51. Defendant's discriminatory conduct as alleged in this Complaint has denied Ms. Killam the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

52. Ms. Killam has a clear legal right to access the businesses located at Defendant's Property under the Washington Law Against Discrimination.

53. Ms. Killam has the right for Defendant's property to comply with the ADA's



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

accessibility laws and regulations under the Washington Law Against Discrimination.

54. Defendant's property does not comply with ADA accessibility laws and regulations, including the 1991 Standards and the 2010 Standards.

55. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

56. Pursuant to RCW § 49.60.030(2), Ms. Killam is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Ms. Killam respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant S. WESCOTT, INC., to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Killam reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Killam for violations of her civil rights as allowed under state and federal law;



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 3rd day of April, 2020

By:

*s/ Conrad Reynoldson*
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

*s/ Bonnie Fong*
Bonnie Fong
WSBA# 51276
Bonnie@wacda.com
(206) 490-0962

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Adrianna Killam*