THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIANNA KILLAM, | |
| Plaintiff, | NO. 2:20-cv-00516-JLR |
| vs. | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| S. WESCOTT, INC., | |
| Defendant. | |

Defendant S. Wescott, Inc. ("Defendant") respectfully submits its answer, defenses, and affirmative defenses in response to the Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"), as follows:

## I.    ANSWERS TO PLAINTIFF'S CLAIMS

1.    <u>Paragraph 1</u>.   The allegations contained in Paragraph 1 of the Complaint are incomplete statements of law to which no response is required.  In an abundance of caution, and to the extent a response is required, Defendant denies the allegations contained therein.

2.    <u>Paragraph 2</u>.   The allegations contained in Paragraph 2 of the Complaint are incomplete statements of law to which no response is required.  In an abundance of caution, and to the extent a response is required, Defendant denies the allegations contained therein.

3.    <u>Paragraph 3</u>.   The allegations contained in Paragraph 3 of the Complaint is are incomplete statements of law to which no response is required.  In an abundance of caution, and

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 1
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1



1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

to the extent a response is required, Defendant denies the allegations contained therein.

4. <u>Paragraph 4</u>. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. <u>Paragraph 5</u>. Defendant is without sufficient knowledge or belief to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, Defendant denies the allegations on that basis.

6. <u>Paragraph 6</u>. Defendant is without sufficient knowledge or belief to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, Defendant denies the allegations on that basis.

7. <u>Paragraph 7</u>. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. <u>Paragraph 8</u>. Paragraph 8 of Plaintiff's Complaint is a statement of Plaintiff's legal position to which no response is required. Defendant does not dispute subject matter jurisdiction.

9. <u>Paragraph 9</u>. Paragraph 9 of Plaintiff's Complaint is a statement of Plaintiff's legal position to which no response is required. Defendant does not dispute subject matter jurisdiction.

10. <u>Paragraph 10</u>. Paragraph 10 of Plaintiff's Complaint is a statement of Plaintiff's legal position to which no response is required. Defendant does not dispute that federal courts may exercise supplemental jurisdiction over state law claims.

11. <u>Paragraph 11</u>. Paragraph 11 of Plaintiff's Complaint is a statement of Plaintiff's legal position to which no response is required. Defendant does not dispute venue.

12. <u>Paragraph 12</u>. The allegations contained in Paragraph 12 of Plaintiff's complaint contain statements of law and/or legal conclusions to which no response is required. In an abundance of caution, and to the extent a response is required, Defendant denies the allegations contained therein.

13. <u>Paragraph 13</u>. Defendant denies the allegations contained in Paragraph 13 of

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 2
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1    Plaintiff's Complaint.

2        14.    Paragraph 14.  The allegations contained in Paragraph 14 of Plaintiff's Complaint

3    are statements of law and/or legal conclusions to which no response is required.  Defendant further

4    responds that the Americans with Disabilities Act (ADA) speaks for itself.  To the extent a

5    response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

6        15.    Paragraph 15.  The allegations contained in Paragraph 15 of Plaintiff's Complaint

7    are statements of law and/or legal conclusions to which no response is required.  Defendant further

8    responds that the Americans with Disabilities Act (ADA) speaks for itself.  To the extent a

9    response is required, Defendant admits that the quoted language appears within the ADA but

10   denies the allegations provide the relevant parts of the ADA.

11       16.    Paragraph 16.  Defendant is without sufficient knowledge or belief to admit or deny

12   the allegations contained in Paragraph 16 of the Complaint and, therefore, Defendant denies the

13   allegations on that basis.

14       17.    Paragraph 17.  Defendant is without sufficient knowledge or belief to admit or deny

15   the allegations contained in Paragraph 17 of the Complaint and, therefore, Defendant denies the

16   allegations on that basis.

17       18.    Paragraph 18.  Defendant is without sufficient knowledge or belief to admit or deny

18   the allegations contained in Paragraph 18 of the Complaint and, therefore, Defendant denies the

19   allegations on that basis.

20       19.    Paragraph 19.  Defendant is without sufficient knowledge or belief to admit or deny

21   the allegations contained in Paragraph 19 of the Complaint and, therefore, Defendant denies the

22   allegations on that basis.

23       20.    Paragraph 20.  The allegations contained in Paragraph 20 of Plaintiff's Complaint

24   are legal conclusions and/or a statement of Plaintiff's legal position for which no response is

25   required.  To the extent an answer is necessary, Defendant denies the allegations contained in

26

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1    Paragraph 20 of the Complaint.

2        21.     Paragraph 21.   Defendant admits the allegations contained in Paragraph 21 of

3 Plaintiff's Complaint.

4        22.     Paragraph 22.   The allegations contained in Paragraph 22 of Plaintiff's Complaint

5 are statements of law and/or legal conclusions to which no response is required. Defendant further

6 responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and

7 building standards speak for themselves. To the extent a response is required, Defendant denies

8 the allegations contained in Paragraph 22 of the Complaint.

9        23.     Paragraph 23.   The allegations contained in Paragraph 23 of Plaintiff's Complaint

10 are statements of law and/or legal conclusions to which no response is required. Defendant further

11 responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and

12 building standards speak for themselves. To the extent a response is required, Defendant denies

13 the allegations contained in Paragraph 23 of the Complaint.

14        24.     Paragraph 24.   The allegations contained in Paragraph 24 of Plaintiff's Complaint

15 are statements of law and/or legal conclusions to which no response is required. Defendant further

16 responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and

17 building standards speak for themselves. To the extent a response is required, Defendant denies

18 the allegations contained in Paragraph 24 of the Complaint.

19        25.     Paragraph 25.   The allegations contained in Paragraph 25 of Plaintiff's Complaint

20 are statements of law and/or legal conclusions to which no response is required. Defendant further

21 responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and

22 building standards speak for themselves. To the extent a response is required, Defendant denies

23 the allegations contained in Paragraph 25 of the Complaint.

24        26.     Paragraph 26.   The allegations contained in Paragraph 26 of Plaintiff's Complaint

25 are statements of law and/or legal conclusions to which no response is required. Defendant further

26

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and building standards speak for themselves.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    <u>Paragraph 27</u>.  The allegations contained in Paragraph 27 of Plaintiff's Complaint are statements of law and/or legal conclusions to which no response is required.  Defendant further responds that the Americans with Disabilities Act (ADA) and its corresponding regulations and building standards speak for themselves.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    <u>Paragraph 28</u>.  Defendant admits that Plaintiff contacted Defendant by sending a letter on or about March 20, 2020, the contents of which speak for itself but which purport to be an attempt under Fed. R. Evidence 408 to resolve concerns.  Defendant denies that as of the date of that letter "zero" accessible parking spots existed on the Property and denies the balance of the allegations in Paragraph 28.

29.    <u>Paragraph 29</u>.  Defendant admits there is an installed handy cap accessible parking stall and access aisle.  Defendant deny any allegation that this is a "new" spot that exceeds currently applicable ADA standards, as the parking stall has existed since at least 1980.  Defendant further denies the allegation that there is no parking sign located on the Property.  The remaining allegations contained in Paragraph 29 of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the remainder of the allegations contained in Paragraph 29 of the Complaint.  Defendant specifically denies any allegation or inference that its property does not conform with applicable obligations under the ADA.

30.    <u>Paragraph 30</u>.  Defendant admits that it has a curb ramp on its property, which has existed since at least 1980.  The balance of the Paragraph 30 of the Complaint contain legal conclusions for which no response is required.  To the extent a response is required, Defendant

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 5
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

denies the remainder of the allegations contained in Paragraph 30 of the Complaint. Defendant specifically denies any allegation or inference that its property does not conform with applicable obligations under the ADA.

31. Paragraph 31. Defendant is without sufficient knowledge or belief to admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, Defendant denies the same on that basis.

32. Paragraph 32. Defendant denies the allegation that the property is not safe and is not welcoming for people who use wheelchairs. Defendant responds that the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint contains legal conclusions for which no response is required. To the extent an answer is necessary, Defendant denies the allegations contained in Paragraph 32 of the Complaint. Defendant specifically denies any allegation or inference that its property does not conform with applicable obligations under the ADA.

33. Paragraph 33. Defendant denies that there has been any alleged failure to make property comply with applicable ADA laws and regulations, and denies that people with disabilities are being denied equal access and enjoyment to the Property. Defendant further responds that balance of the allegations contained in Paragraph 33 of Plaintiff's Complaint contains legal conclusions for which no response is required. To the extent an answer is necessary, Defendant denies the allegations contained in Paragraph 33 of the Complaint. Defendant specifically denies any allegation or inference that its property does not conform with applicable obligations under the ADA.

34. Paragraph 34. Defendant incorporates by reference and realleges its answers to the allegations contained in Paragraphs 1 through 33 of Plaintiff's Complaint.

35. Paragraph 35. Defendant is without sufficient knowledge or belief to admit or deny the allegations contained in Paragraph 35 of the Complaint and, therefore, Defendant denies the same on that basis. The allegations also contain legal conclusions for which no response is

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

required.  To the extent an answer were required, those allegations are denied.

36.     Paragraph 36.  The allegations contained in Paragraph 36 of Plaintiff's Complaint are duplicative of the allegations contained within Paragraph 15.  The allegations contain statements of law and/or legal conclusions to which no response is required.  Defendant further responds that the Americans with Disabilities Act (ADA) speaks for itself.  To the extent a response is required, Defendant admits that the quoted language appears within the ADA but denies the allegations provide the relevant parts of the ADA.

37.     Paragraph 37.  Defendant admits that Defendant S. Wescott, Inc. owns the Property that and that the Property includes a parking lot that services a Domino's pizza restaurant.

38.     Paragraph 38.  The allegations contained in Paragraph 38 of the Complaint contain legal conclusions for which no response is required.

39.     Paragraph 39.  Defendant responds that the allegations contained in Paragraph 39 of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent an answer is necessary, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40.  Defendant responds that the allegations contained in Paragraph 40 of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent an answer is necessary, Defendant denies the allegations contained in Paragraph 40 of the Complaint and denies that it has engaged in any discriminatory conduct toward Plaintiff.

41.     Paragraph 41.  Defendant responds that the allegations contained in Paragraph 41 of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent an answer is necessary, Defendant denies the allegations contained in Paragraph 41 of the Complaint and denies that it has discriminated or will continue to discriminate against Plaintiff on the basis of disability.

42.     Paragraph 42.  Defendant denies the allegations contained in Paragraph 42 of

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 7
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1  Plaintiff's Complaint.

2      43.   Paragraph 43.  Defendant responds that the allegations contained in Paragraph 43

3  of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent

4  an answer is necessary, Defendant denies the allegations contained in Paragraph 43 of the

5  Complaint and denies that it is has engaged in discriminatory conduct toward Plaintiff and further

6  denies that Plaintiff is entitled to declaratory and injunctive relief.

7      44.   Paragraph 44.  Defendant responds that the allegations contained in Paragraph 44

8  of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent

9  an answer is necessary, Defendant denies the allegations contained in Paragraph 44 of the

10  Complaint and denies that it is has engaged in discriminatory conduct toward Plaintiff and further

11  denies that it is liable for Plaintiff's attorney's fees and costs.

12      45.   Paragraph 45.  Defendant incorporates by reference and realleges its answers to the

13  allegations contained in Paragraphs 1 through 44 of Plaintiff's Complaint.

14      46.   Paragraph 46.  Defendant is without sufficient knowledge or belief to admit or deny

15  the allegations contained in Paragraph 46 of the Complaint and, therefore, Defendant denies the

16  same on that basis.

17      47.   Paragraph 47.  The allegations contained in Paragraph 47 of Plaintiff's Complaint

18  are statements of law to which no response is required.  Defendant further responds that the

19  Washington Law Against Discrimination (WLAD) speaks for itself.  To the extent a response is

20  required, Defendant admits that Paragraph 47 quotes language from 49.60 RCW, but denies the

21  allegations contained in Paragraph 47 of the Complaint to the extent such allegations purport to

22  rely on all of the pertinent language within the state statute.

23      48.   Paragraph 48.  The allegations contained in Paragraph 48 of Plaintiff's Complaint

24  are legal conclusions and/or a statement of Plaintiff's legal position to which no response is

25  required.  To the extent a response is required, Defendant denies the allegations contained in

26

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 8
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Paragraph 48 of the Complaint.

49.     Paragraph 49.  The allegations contained in Paragraph 49 of Plaintiff's Complaint are legal conclusions and/or a statement of Plaintiff's legal position to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of the Complaint and denies that it has engaged in discriminatory conduct toward Plaintiff.

50.     Paragraph 50.  The allegations contained in Paragraph 50 of Plaintiff's Complaint are legal conclusions and/or a statement of Plaintiff's legal position to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51.  The allegations contained in Paragraph 51 of Plaintiff's Complaint are legal conclusions and/or a statement of Plaintiff's legal position to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52.  The allegations contained in Paragraph 52 of Plaintiff's Complaint are legal conclusions and/or a statement of Plaintiff's legal position to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53.  The allegations contained in Paragraph 53 of Plaintiff's Complaint are legal conclusions and/or a statement of Plaintiff's legal position to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54.  Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Paragraph 55.  Defendant responds that the allegations contained in Paragraph 55

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 9
(Case No. 2:20-CV-00516-JLR)
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1   of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent

2   an answer is necessary, Defendant denies the allegations contained in Paragraph 55 of the

3   Complaint and denies that it is has engaged in discriminatory conduct toward Plaintiff and further

4   denies that Plaintiff is entitled to declaratory and injunctive relief.

5       56.    <u>Paragraph 56</u>.  Defendant responds that the allegations contained in Paragraph 56

6   of Plaintiff's Complaint contain legal conclusions for which no response is required.  To the extent

7   an answer is necessary, Defendant denies the allegations contained in Paragraph 56 of the

8   Complaint and denies that it is has engaged in discriminatory conduct toward Plaintiff and further

9   denies that it is liable for Plaintiff's attorney's fees and costs.

10   **II.    DEFENSES AND AFFIRMATIVE DEFENSES**

11       By way of further answer and without shifting the burden of proof at trial, Defendant

12   submits the following defenses and affirmative defenses:

13       57.    <u>Failure to State a Claim</u>.  Plaintiff has failed to state a claim upon which relief may

14   be granted.

15       58.    <u>No Standing</u>.  Plaintiff lacks standing to sue for alleged ADA violations pertaining

16   to the property at issue in the Complaint.

17       59.    <u>Modifications not Required</u>.  The modifications sought by Plaintiff are not readily

18   achievable, are technically infeasible, would result in an undue burden to Defendant and/or are

19   otherwise not required by statute, namely 42 U.S.C. § 12182(b)(2)(A)(ii)-(iv).  Regulations starting

20   in 1990 require lots with 25 and less parking stalls to provide one "Van-Accessible" stall and

21   access aisle that are 96" wide.  The ADA stall located at the property since 1980 was and has

22   always been 96" wide and the corresponding access aisle was and has always been 96" wide as

23   well.  Signage and striping has been installed and maintained at the property, with no re-striping

24   or alterations to the parking lot since 1980.  The stall, and access aisle, signage and striping have

25   been and are currently conforming to existing ADA dimensions.  To the extent that the slope and

26

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 10
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

curb cut mildly deviate from new-installation requirements, it would require lowering the building, excavating and replacing the building sidewalk, and excavating and repaving the parking lot. These modifications are not "readily achievable," not technically feasible, and would not be plausible. Instead, they would substantially and unduly burden Defendant to the point of having to tear down the existing building.

60. <u>Permissible under Grandfather Provisions</u>. Plaintiff's claims are barred to the extent that the parking lot at issue was designed and constructed prior to the effective dates of the ADA, the WLAD, or any of their implementing regulations, and was not subsequently altered. One or more "safe harbors" under applicable law may also be applicable.

61. <u>De Minimis Violations</u>. Plaintiff's claims are barred in whole or in part because the claimed violations are *de minimis* and are non-actionable technical violations that do not materially impair Plaintiff's use of an area for an intended purpose.

62. <u>Unclean Hands</u>. Plaintiff's claims should be barred in part or in whole by the equitable doctrine of unclean hands.

63. <u>Vexatious Litigation</u>. On information and belief, Plaintiff has filed numerous similar lawsuits against individual property owners and small business owners throughout Western Washington and, therefore, Plaintiff appears to be a serial ADA plaintiff who is aggressively and affirmatively trying to uncover technical violations against small business owners, including those whose established properties pre-date the ADA requirements relied upon in the Complaint and who have operated in good faith consistent with the safe harbor provisions of the ADA. To the extent Plaintiff is engaged in a pattern and practice of affirmatively seeking out technical ADA violations without regard to the safe harbor rights of owners, or without having a proper purpose under Fed. R. Civ. P. 11, or without having actually suffered the injury she alleges to have suffered as a result of the technical violations (or, whose only injury is the direct result of bad faith efforts to uncover supposed violations rather than the good-faith desire to frequent the targeted business

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 11
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1  as she alleges in the Complaint), the Court should decline to exercise its equitable and other

2  discretion to aid such vexatious litigation.

3      64.    Mootness.  To the extent Plaintiff's claims are based upon any alleged violation or

4  condition of the property that has since been remedied, Plaintiff's claims fail in whole or in part

5  under the doctrine of mootness.

6      65.    No Damages/Failure to Mitigate.   On information and belief, Plaintiff has not

7  suffered any damages as a result of Defendant's alleged technical violations or, alternatively,

8  Plaintiff has failed to mitigate any damages she has suffered.

9      66.    Offset.  Any alleged damages suffered by Plaintiff are entirely set off and exceeded

10  by the damages Plaintiff caused to Defendant.

11      67.    Fault of Plaintiff/Third Parties.  Plaintiff's alleged damages, if any, were caused by

12  Plaintiff's own acts or misconduct and/or the fault of third parties.

13      68.    Good Faith/Justification.   To the extent that Defendant engaged in any of the

14  alleged conduct, such conduct was justified, undertaken in good faith, and/or protected by a

15  privilege, including the safe harbor provision of the ADA.

16      69.    Reservation of Rights.  Defendant reserves its right to assert any other affirmative

17  or other defense to the Complaint, as appropriate.

18                    **III.    REQUEST FOR RELIEF**

19      WHEREFORE, having fully answered the Complaint, Defendant requests that the Court

20  grant the following relief:

21      A.    For dismissal of Plaintiff's claims with prejudice;

22      B.    For an award of Defendant's costs and attorney's fees incurred in defending this

23  action to the full extent permitted;

24      C.    For leave to amend this answer freely; and

25      D.    For such other and further relief as the Court deems just and proper.

26

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

1   DATED this 28th day of April, 2020.

2                                         EISENHOWER CARLSON PLLC

3

4                                         /s/ Neil A. Dial
                                          Neil A. Dial, WSBA No. 29599
5                                         1201 Pacific Avenue, Suite 1200
                                          Tacoma, Washington  98402
6                                         Telephone:     (253) 572-4500
                                          Facsimile:     (253) 272-5732
7                                         E-Mail:        NDial@Eisenhowerlaw.com
8                                         Attorneys for Defendant S. Wescott, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DECLARATORY &
INJUNCTIVE RELIEF - 13
**(Case No. 2:20-CV-00516-JLR)**
17539-2/NAD/928520.1



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

The undersigned certifies that, on April 28, 2020, the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system which will send notification to all counsel of record.

DATED this 28th day of April, 2020.

/s/ Neil A. Dial
Neil A. Dial, WSBA No. 29599
Eisenhower Carlson PLLC
Attorneys for Defendant
S. WESCOTT, INC.
1201 Pacific Avenue, Suite 1200
Tacoma, WA  98402
Phone:   (253) 572-4500
Fax:      (253) 272-5732
E-Mail:  NDial@Eisenhowerlaw.com

EISENHOWER
CARLSON PLLC
Attorneys at Law

1201 Pacific Ave., Ste. 1200
Tacoma, WA  98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com